## No. 507.

C. C. EDEY v. CITY OF SHREVEPORT. GREGG & FORD v. The same. STEERS & CARLTON v. Same. S. B. STEERS v. Same. W. JOHNSTON & Co. v. Same. Consolidated cases.

The City Council of the city of Shreveport having under its charter the right to purchase property, had the right to secure the credit portion of the price by stipulating a mortgage and the vendor's privilege on the property purchased in favor of each vendor and agreeing not to prejudice the right of mortgage and privilege by any alienation or incumbrance, and to pay the costs or fees incurred by the vendors in enforcing their rights thus preserved. These were all incidents of the contract of sale.

The very fact that the city purchased the property for the purpose of donating it to the Texas and Pacific Railroad Company for their *depots,* made it the more prudent in the vendors to require the pact *de non alienando,* and militates against the presumption of their consenting to waive it.

If there could be any doubt about the authority of the mayor to represent the city in these sales, and to make the stipulations referred to, his acts were ratified by the acceptance of the transfers and the donation of the purchased property to the railroad company, in which the several acts of sale were referred to.

The attempted exclusion in this act of donation, of any intention to ratify the onerous stipulations under consideration, was without effect against the vendors. The contract of sale as a whole was ratified.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney, J. N. C. Blanchard, T. Alexander,* for plaintiffs and appellees. *Egan & Wise,* for defendant and appellant.

HOWELL, J. The plaintiffs in these several cases are seeking, *via ordinaria,* to enforce the mortgage and vendor's privilege upon property sold by them respectively to the city of Shreveport. The answer denies the power of the city of Shreveport to execute the notes and mortgage; denies that they were ever executed by said city or its authority; denies specially the right of the person or persons professing to sign said instruments, to stipulate on behalf of said city to pay attorney's fees and eight per cent. interest; to waive appraisement; to insert the pact *de non alienando* and to pay costs of copies.

From judgments in favor of the several plaintiffs the defendant appealed.

The Texas and Pacific Railroad Company, as third person, obtained an order of appeal, but has not perfected the appeal, and it is therefore unnecessary to notice the motion to dismiss the same. The record shows that an ordinance was adopted authorizing the purchase of the property in question and the issuance of bonds to provide the means of paying for it, out of the sale of some of which half the price was paid in cash, and for the balance the notes in suit were given, signed by the mayor, who also signed the several acts of sale. The corporation, under its charter, had a right to do this. Having a right to make the purchase it had the right to secure the credit portion of the price by stipulating a mortgage and the vendor's privilege on the property purchased in favor of each vendor, and agreeing not to prejudice the

right of mortgage and privilege by any alienation or incumbrance, and to pay the costs or fees incurred by the vendors in enforcing their rights thus preserved. These were all incidents of the contract of sale, the right to insist upon which was included in the right to make the purchases and secure the unpaid portion of the price. The very fact that the city purchased the property for the purpose of donating it to the Texas and Pacific Railroad Company for their depots, made it the more prudent in the vendors to require the pact *de non alienando* rather than a presumption of waiving it.

If there could be any doubt about the authority of the mayor to represent the city in these sales and make the stipulations referred to, his acts were ratified by the acceptance of the transfers and the donation thereof to the railroad, in which the several acts of sale were referred to. The attempted exclusion in this act of donation of any intention to ratify the onerous stipulations under consideration, was without effect against the vendors. The contract of sale as a whole was ratified.

Judgment affirmed.